# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

    v.

GARY L. VANARSDAL,

    Respondent.

_____/

Case No. 1:12-mc-74

Honorable Janet T. Neff
United States District Judge

**REPORT AND RECOMMENDATION**

This is a proceeding brought pursuant to 26 U.S.C. § 7604 to enforce an administrative summons issued by the Internal Revenue Service (IRS) on March 30, 2012. The summons relates to respondent's collection of federal income tax liability for the calendar year ending December 31, 2007. The summons directed respondent to appear before Revenue Officer Wayne Nelson on April 23, 2012 at 3251 North Evergreen Drive NE, Grand Rapids, Michigan, and to testify and produce books, records and other documents demanded in the summons. Respondent did not appear in response to the summons.

On July 9, 2012, petitioner filed suit to have the summons enforced. (Dkts. 1 & 2.) District Judge Janet T. Neff issued an order of reference to Magistrate Judge Ellen S. Carmody on July 16, 2012. (Dkt. 3.) Magistrate Carmody issued an order on July 20, 2012, directing respondent to obey the summons or to show cause why he should not comply. (Dkt. 5.) On September 4, 2012, respondent appeared, was cooperative, and agreed to comply with the summons. The Show Cause Hearing was adjourned at both parties request until October 23, 2012 for calendar control purposes. (Dkts. 7 & 8.)

On October 23, 2012, the respondent failed to appear to the adjourned Show Cause Hearing. At the hearing, the court received testimony from Revenue Officer Wayne Nelson. Officer Nelson testified that Mr. VanArsdal provided a partially filled out collection statement after the initial hearing on September 4, 2012, but did not provide the necessary documents to complete the collection statement. Officer Nelson's testimony met the burden of the United States in proving a prima facie case in favor of enforcement. Nelson's testimony established: (1) that the summons was issued for a legitimate purpose in determining the collection of respondent's tax liability for 2007; (2) that the summoned data may be relevant to that purpose; (3) that the summoned information was not already in the government's possession; and (4) that the administrative steps required by the Internal Revenue Code had been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964); see United States v. Stuart, 489 U.S. 353, 359 (1989). After the United States presents a prima facie case, it is entitled to an enforcement order, unless the taxpayer can show that the IRS is attempting to abuse the court's process. Stuart, 489 U.S. at 360. The taxpayer carries the burden of proving an abuse of process. Powell, 379 U.S. at 58.

Respondent has not met his burden in demonstrating why the summons should not be enforced. Accordingly, I recommend that the court issue an order compelling respondent to comply with the IRS summons.

**Recommended Disposition**

For the reasons set forth in detail above, I recommend that the court issue an order comporting with Exhibit A compelling respondent to comply with the IRS summons.


Dated:  October 25, 2012                                    /s/ Ellen S. Carmody
                                                            ELLEN S. CARMODY
                                                            United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objection are governed by W.D. Mich. L.R. 13(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981); see Thomas v. Arn, 474 U.S. 140 (1985).